

11/16/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DALE B. ADAMS,

Plaintiff,

v.

MITCH A. MCCONNELL, JR.,

Defendant.

Civil Action No. 20-3072 (UNA)

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a "Petition for a Redress of Grievances Against the Government," and an application to proceed *in forma pauperis*. The application will be granted, and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)(iii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted, is frivolous, or seeks monetary relief from an immune defendant).

Plaintiff is a resident of Harrison, Arkansas, who has sued United States Senator Mitch McConnell for positions he has taken as Senate Majority Leader. He claims that McConnell exceeded his authority by "passing a Covid-19 relief Bill into law with blanket immunity abridging First Amendment rights to legal redress[.]" Pet. ¶ 35. Plaintiff seeks monetary damages exceeding $10 million and an order compelling "defendant to repeal any and all laws that he passed that are ultra vires to harm Adams." *Id*. at 11.

The Petition is premised on McConnell's conduct as Senate Majority Leader, for which he enjoys absolute immunity under the Speech or Debate Clause, U.S. CONST. art. I, § 6, cl. 1. *See Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) ("The Clause confers on Members of Congress immunity for all actions within the legislative sphere,

even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes") (cleaned up); *cf*. Pet. ¶ 7 (alleging that McConnell "has shown a pattern of practice to violate the U.S. Constitution, his oath of office and ethical norms to cause plaintiff Dale B. Adams irreparable harm by passing laws that abridge First Amendment rights"); *id*. ¶ 16 ("Defendant United States Senator Mitch A. McConnell Jr., has held our devastated economy, the destitute citizens and other honorable members of Congress hostage who try to abide by their oath of office serving their constituents, while Senator McConnell will not agree to pass any Covid-19 relief Bill into law without including a clause for liability reform ("immunity")); *id*. ¶ 26 ("undue delay for passing Covid-19 emergency relief by U.S. Senator Mitch A. McConnell Jr., is causing Adams and millions of other citizens a financial hardship").

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if [as here] it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). To the extent that McConnell is not immune, the Petition is at most "a generalized grievance" warranting no "exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Consequently, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

/s/
KETANJI BROWN JACKSON
United States District Judge

Date: November 16, 2020